**Wallace KEITH, Plaintiff,**

v.

**CONSOLIDATED RAIL CORP., Defendant.**

**No. 95–CV–70216.**

United States District Court,
E.D. Michigan,
Southern Division.

June 18, 1996.

Pearlman and Pianin, Arvin J. Pearlman, Elaine L. Livingway, Southfield, MI, for Plaintiff.

Durkin, McDonnell & Clifton, P.C., Joseph J. McDonnell, Gregory A. Clifton, Detroit, MI, for Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

O'MEARA, District Judge.

This matter came before the court on Defendant's April 29, 1996 motion for summary judgment. Plaintiff's response was filed on May 16, 1996; no reply was filed. Oral argument on the motion was heard on June 6, 1996 and the matter taken under advisement. Now, for the reasons given below, the court GRANTS Defendant's motion for summary judgment.

### BACKGROUND FACTS

Plaintiff, Wallace Keith, has been employed by Consolidated Rail Corporation ("Conrail") as a carman for 22 years. Some time prior to May of 1992, he began working the midnight shift at the Sterling Yard loading dock. The job duties performed by the carmen on that shift are posted as requiring three men; however, during the last "several months" of Plaintiff's tenure only two men were available for the work. In addition to breaching its own staffing rules, Plaintiff alleges that Conrail failed to provide him with specific tools to make his tasks safer and less

demanding. Plaintiff alleges that as a consequence of these job conditions he sustained physical damage to his heart. While at work on May 23, 1994, Mr. Wallace experienced tightness and pains in his chest which he did not disclose to anyone. Four days later at the beginning of his shift, he suffered a myocardial infarction.[1]

Although on a 1991 Conrail medical examination form Plaintiff represented that he had no prior history of heart "trouble," [2] on the same form in 1989 he had acknowledged "pain or pressure in or about chest." [3] A cardiologist, who examined Mr. Keith after his heart attack and subsequent quadruple by-pass heart surgery, asserts that Plaintiff's "occupationally related stresses and activities played a significant role in precipitating an active myocardial ischemic process, which then culminated in acute myocardial infarction." [4]

On January 19, 1995 Plaintiff filed his two count complaint; jurisdiction is premised upon the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, as amended ("FELA"). Count I asserts that Conrail's alleged breach of its statutory duties to Plaintiff constituted negligence and "were and are a cause of the injuries which resulted in Plaintiff's heart attack," [5] in addition to past and future pain, suffering, and mental anguish. Count II asserts that any pre-existing condition suffered by Mr. Wallace was "precipitated, aggravated and/or accelerated by reason of the foregoing incident." [6]

## APPLICABLE LAW

### A. Standard of Review

As interpreted by the United States Court of Appeals for the Sixth Circuit, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Pitts v. Michael Miller Car Rental,* 942 F.2d 1067, 1069 (6th Cir.1991) (internal citations omitted). Citing the trio of cases which defined the standards and burdens to be met by the parties in a motion for summary judgment,[7] the Court of Appeals posits the test for the grant of a motion for summary judgment as follows:

> the substantive law will identify which facts are material … only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Thus, factual disputes which are irrelevant or unnecessary will not be considered. To meet this standard, the moving party need not support its motion with affidavits or other similar materials "negating" the opponents claim. The burden on the moving party may be discharged by demonstrating that there is an absence of evidence to support the nonmoving party's case. Once the moving party meets this burden, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his or her case with respect to which he or she bears the burden of proof. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, the motion for summary judgment should be granted.

*Id.* at 1069–70.

### B. The Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*

Section 51 of FELA provides, in pertinent part:

---

1. Plaintiff's response brief at 1, 2, & 6. There were three men staffing the carman's position on the day of Mr. Wallace's heart attack. Defendant's brief in support of its motion for summary judgment at 5. Plaintiff returned to his job, working without restriction, on November 4, 1992. *Id.* at 7.

2. Defendant's motion for summary judgment, Exhibit 2.

3. Plaintiff's response brief, Exhibit F.

4. *Id.*, Exhibit C.

5. Complaint at ¶¶ 8, 9.

6. *Id.* at ¶ 14.

7. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Every common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track roadbed ... or other equipment.

FELA was enacted as a remedial statute, and has been liberally construed by the courts interpreting it. FELA is, however, not a workers' compensation statute; the Supreme Court "has insisted that FELA does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur." *Conrail v. Gottshall,* 512 U.S. 532, 543, 114 S.Ct. 2396, 2404, 129 L.Ed.2d 427 (1994) (citation omitted)

To prevail on a FELA claim, a plaintiff must prove "the traditional common law elements of negligence: duty, breach, foreseeability, and causation." *Adams v. CSX Transportation, Inc.,* 899 F.2d 536, 539 (6th Cir.1990). In 1957, the Supreme Court held that a relaxed standard of causation applies under FELA; the test is "simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Gottshall,* 512 U.S. at 543, 114 S.Ct. at 2404 (citation omitted).

## ANALYSIS

In a companion case to *Conrail v. Gottshall,* Alan Carlisle sued Conrail for negligent infliction of emotional distress for the "foreseeable stress-related" physical and psychological injuries he allegedly suffered as a result of being forced to work under "unreasonably stressful conditions." Although the Court decided that negligent infliction of emotional distress is actionable under FELA,

as to Mr. Carlisle's claim, the Court declined to take "the radical step of reading FELA as compensating for **stress** arising in the ordinary course of employment. In short, the core of Carlisle's complaint was that he had been given too much—not too dangerous—work to do. That is not our idea of an FELA claim." *Gottshall,* 512 U.S. at 558, 114 S.Ct. at 2412 (internal quotation and citation omitted) (emphasis added).

Accepting as fact that the stress of his job caused Plaintiff's heart attack, this court reaches the same conclusion as to Mr. Keith's claim: an employee's stress related injuries are not compensable under FELA. This conclusion comports with other cases decided within this circuit that physical ailments allegedly caused by the stress of under-staffing or over-work are not cognizable under FELA.[8]

Therefore, having considered the facts in the light most favorable to Plaintiff, and drawn all inferences in his favor, the court concludes that there are no material issues of fact that would affect the outcome of this suit; summary judgment for the Defendant is GRANTED.

## ORDER

**THEREFORE,** for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's April 29, 1996 motion for summary judgment is **GRANTED.**

---

**8.** *See, Szymanski v. Columbia Transportation Co.,* No. 93–CV–7423, 1995 WL 329407 (N.D.Ohio Jan.30, 1995), *appeal docketed,* No. 95–3205 (6th Cir. April 1, 1996); *Hayden v. Conrail,* No. 93–CV–7007 (N.D.Ohio May 1, 1995), *appeal docketed,* No. 95–3558 (6th Cir. March 28, 1996).